IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CYNTHIA SHARKEY, GEORGE LIMANTZAKIS, BRANDON RAUEN, and SKYLER NIELSEN,<br>　　　　　　Plaintiffs,<br>v.<br><br>STRYKER CORPORATION and STRYKER SALES CORPORATION,<br><br>　　　　　　Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:09CV536 DAK<br>Case No. 2:09CV624 DAK<br>Case No. 2:09CV1002 DAK<br>Case No. 2:09CV1061 DAK |

　　　　This matter is before the court on Defendants Stryker Corporation and Stryker Sales Corporation's (collectively referred to as "Stryker") Motions for Summary Judgment Re: Liability and Motions for Summary Judgment Re: Punitive Damages in each of the four above-listed cases.

　　　　A hearing on the motions was held on November 8, 2012. At the hearing, Plaintiffs Cynthia Sharkey, George Limantzakis, Brandon Rauen, and Skyler Nielsen (collectively referred to as "Plaintiffs") were represented by Charles H. Thronson and Richard E. Mrazik. Stryker was represented by Brent O. Hatch, Phillip J. Russell, and Hall R. Marston. Before the hearing, the court carefully considered the memoranda and other materials submitted by the parties. Since taking the matter under advisement, the court has further considered the law and facts relating to these motions. Now being fully advised, the court renders the following Memorandum Decision

and Order.[1]

## I. STRYKER DEFENDANTS' MOTION FOR SUMMARY JUDGMENT RE: LIABILITY

Stryker seeks summary judgment because, it argues, the undisputed evidence indicates that Stryker neither knew nor should have known of a risk of chondrolysis or any other significant cartilage injury associated with its pain pump sufficient to promote a duty to warn as of August 2004, the time of the last Plaintiff's surgery.

This court previously denied Stryker's Motion for Summary Judgment in a related case, *Creech v. Stryker,* 2012 WL 33360 (D. Utah Jan. 6, 2012). Stryker acknowledges that Plaintiffs in *Creech* relied on essentially the same evidence as they have presented in this case.[2] In *Creech*, the court found, among other things, that, "[c]onstruing all inferences in favor of Plaintiffs," they had presented sufficient "admissible evidence to create a genuine issue of material fact as to whether Stryker knew or should have known or anticipated that the administration of local anesthetics directly into the shoulder joint was toxic or otherwise harmful." *Id*. at 5.

---

[1] The court also hereby adopts the Memorandum Decision and Order (as it pertains to Stryker's Motion for Summary Judgment) issued on January 6, 2012 (Docket No. 207) in the related case of *Creech v. Stryker Corp.*, Case No. 2:07cv22 DAK. The decision may also be found at 2012 WL 33360 (D. Utah Jan. 6, 2012).

[2] *See* Stryker's Mem. In Supp. at 6. Stryker's Memorandum in Support of Summary Judgment Regarding Liability may be found at Docket No 59 in the *Sharkey* case, Docket No. 48 in the *Limantzakis* case, Docket No. 57 in the *Rauen* case, and Docket No. 46 in the *Nielsen* case.

But Styker urges the court to consider that since this court's *Creech* decision, two federal Circuit Courts of Appeal, the Sixth Circuit and the Ninth Circuit, have issued opinions upholding the trial court's granting of Stryker's motions for summary judgment.  These courts have found that no reasonable jury could conclude that Stryker had actual or constructive knowledge that use of its pain pumps posed a risk of cartilage damage; therefore, Stryker had no duty to warn against such use.

The first is a Sixth Circuit case, *Rodriguez v. Stryker Corp.*, 680 F.3d 568 (6th Cir 2012). In *Rodriguez*, the court analyzed the literature relied upon by plaintiffs and their designated expert, Dr. Stephen Trippel (one of the experts in the instant case), and affirmed the trial court's grant of summary judgment on all the plaintiff's claims.

This court, however, was well aware of the trial court's decision in *Rodriguez* when it denied Stryker's Motion for Summary Judgment in *Creech*.  The *Rodriguez* decision was cited extensively in Stryker's briefs and was discussed at oral argument on the *Creech* motion.  The court was unpersuaded by *Rodriguez* at the time.   The fact that the Sixth Circuit has now affirmed the trial court's decision does not alter the court's conclusion that the trial court wrongly decided *Rodriguez* because it improperly weighed the evidence without making reasonable inferences in the light most favorable to the non-moving party, as a court is required to do when deciding a motion for summary judgment.  *See Byers v. City of Albuquerque*, 150 F.3d 1271, 1274 (10th Cir. 1998).

Even the Sixth Circuit itself is conflicted on the issue.  While knowing that it is bound by

a previous panel's decision, a different panel of the Sixth Circuit reversed course and determined, less than three months after *Rodriguez* was decided, that the trial court had erred in granting summary judgment on two of the plaintiff's claims – for defective design and inadequate warning or instruction. *See Krumpelbeck v. Breg, Inc.,* 2012 WL 3242587 at *8 (6th Cir. Aug. 10, 2012) (unpublished).³ The Sixth Circuit determined that the district court had made an impermissible factual determination that the evidence was not sufficient to put a reasonable manufacturer on notice of the need for testing to explore the potential risks inherent in such use. *Id.*

The next case relied upon by Stryker is *Phillippi v. Stryker Corp.*, 2012 WL 759390 (9th Cir., March 9, 2012), a case in which the Ninth Circuit affirmed a trial court's ruling granting summary judgment in favor of Stryker. *Phillippi,* however, is materially distinguishable from the instant cases. The *Phillippi* court found that the plaintiff in that case had "provided insufficient evidence to raise a known or knowable risk of chondrolysis." *Id*. at *1. Indeed, unlike the cases at bar, the plaintiff had failed to submit any expert testimony to support his negligence claim. *See Phillippi v. Stryker Corp.*, 2010 WL 2650596, at *2 (E.D. Cal. July 1, 2010 ). Thus, the court finds *Phillippi* to be entirely unpersuasive.⁴

---

³ Stryker argues that *Krumplebeck* is unreliable in the Sixth Circuit because it did not follow *Rodriguez*'s binding precedent. Of course *Krumplebeck* has no binding authority in the Sixth Circuit (or anywhere else), as it is unpublished and contrary to a published decision in an earlier Sixth Circuit case. But it nevertheless gives some credence to Plaintiffs' argument in this case that *Rodriguez* was wrongly decided and is an outlier.

⁴ Stryker later filed a notice of supplemental authority regarding *Mack v. Stryker*, a case in the District of Minnesota in which the court granted Stryker's motion for summary judgment.

Accordingly, given that this court previously declined to follow *Rodriguez,* and given that the court is not persuaded by the Sixth Circuit's decision to affirm *Rodriguez*, particularly in light of the Sixth Circuit's reasoning in *Krumpelbeck,* and given that the court finds *Phillippi* to be materially distinguishable and therefore unpersuasive, the court declines to reverse its previous decision in *Creech*. The court therefore denies Stryker's Motions for Summary Judgment Re: Liability.

## II. STRYKER'S MOTION FOR SUMMARY JUDGMENT RE: PUNITIVE DAMAGES

Stryker seeks what is essentially reconsideration of the court's decision in *Creech* regarding the punitive damages claims. Stryker argues that no reasonable jury could conclude that Plaintiffs have presented, by clear and convincing evidence, sufficient facts to prove that Stryker actually knew of a risk of serious and permanent cartilage damage from the use of its pain pumps and, as a result, Plaintiffs' punitive damages claims should be dismissed.

Plaintiffs, on the other hand, argue that the court was correct in *Creech* when it declined to dismiss the punitive damages claims. Plaintiffs contend that punitive damages are warranted where "it is established by clear and convincing evidence that the acts *or omissions* of the tortfeasor are the result of . . . a knowing and reckless indifference toward, and a disregard of, the rights of others." Utah Code Ann. § 78B-8-201(a) (emphasis added). Plaintiffs agree with Stryker that "[t]o prove that a tortfeasor's actions were knowing and reckless, a party must prove that the tortfeasor knew of a substantial risk and proceeded to act or failed to act while consciously ignoring that risk." *Daniels v. Gamma West Brachytherapy*, LLC, 2009 UT 66, ¶42,

5

221 P.3d 256, 269 (Utah 2009). But Plaintiffs contend that Stryker incorrectly cites *Barson v. E.R. Squibb & Sons, Inc.*, 682 P.2d 832, 835-836 (Utah 1984), for the erroneous proposition that "[i]n a failure to warn case such as this one, actual knowledge has already been clearly defined: 'Actual knowledge' means information Stryker actually gained from research it conducted or adverse reports of which it received actual notice." Rather, Plaintiffs point out, *Barson* states:

> In determining whether a manufacturer has breached that duty and the extent to which a manufacturer is required to know of dangers inherent in its drug, it is important to point out that the drug manufacturer is held to be an expert in its particular field and is under a "continuous duty . . . to keep abreast of scientific developments touching upon the manufacturer's product and to notify the medical profession of any additional side effects discovered from its use." *The drug manufacturer is responsible therefore for not only "actual knowledge gained from research and adverse reaction reports," but also for "constructive knowledge as measured by scientific literature and other available means of communication.*

682 P.2d at 835-836 (internal citations omitted; emphasis added). In addition, the Utah Supreme Court is clear that " [w ]hat constitutes actual knowledge will be case specific." *Daniels*, 2009 UT 66, ¶ 44 (remanding to trial court for a determination of whether tortfeasor's gross negligence included "knowing conduct").

Plaintiffs also argue that, in contrast to Stryker's case references, there are a number of pain pump cases in which district courts have decided against granting summary judgment regarding the plaintiffs' claims for punitive damages on the basis that the extent of Stryker's knowledge is a question of fact, just as this court ruled in *Creech*. For example, in *Schoenborn v. Stryker Corp.*, 801 F. Supp. 2d 1098 (D. Or. 2011), the court found that all the issues, including punitive damages, were appropriate for a trier of fact. Similarly, here, Plaintiffs urge the court to

6

deny Stryker's motions because the evidence relied upon by Plaintiffs is very similar to that in *Schoenborn*, and furthermore, the court previously denied summary judgment on almost identical evidence in *Creech*.

The court agrees with Plaintiffs. As stated in *Creech*, "[t]o prove that a tortfeasor's actions were knowing and reckless, a party must prove that the tortfeasor knew of a substantial risk and proceeded to act *or failed to act* while consciously ignoring that risk." *Daniels* v. *Gamma West Brachytherapy, LLC,* 221 P.3d 256, 269 (Utah 2009) (emphasis added). Recklessness includes conduct where "the actor kn[ew], or ha[d] reason to know . . . of facts which create a high degree of risk of physical harm to another, and deliberately proceeds to act, or to fail to act, in conscious disregard of, or indifference to, that risk." *Id*. (quoting Restatement (Second) of Torts § 500 cmt. a (1965)). Again, as the court previously stated in *Creech*, "while Plaintiffs' evidence supporting a punitive damage award is admittedly thin," a jury will decide the extent of Stryker's knowledge or constructive knowledge. Accordingly, Stryker's Motion for Summary Judgment Re: Punitive Damages is denied.

### III. CONCLUSION

For the foregoing reasons and good cause appearing, **IT IS HEREBY ORDERED** that: Stryker's Motions for Summary Judgment Re: Liability are **DENIED**[5] and Styker's Motions for

---

[5] The Docket Numbers of the Summary Judgment Motions Re: Liability in each of the cases is as follows: *Sharkey v. Stryker*, Case No. 2:09CV536, Docket No. 58; *Limantzakis v. Stryker*, Case No. 2:09CV624, Docket No. 47; *Rauen v. Stryker*, Case No. 2:09CV1002, Docket No. 56; *Nielsen v. Stryker*, Case No. 2:09CV1061, Docket No. 45.

Summary Judgment Re: Punitive Damages are DENIED.[6] The parties are directed to contact the court to set a trial date for the above-listed cases.

DATED this 18th day of March, 2013.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge

---

[6] The Docket Numbers of the Summary Judgment Motions Re: Punitive Damages in each of the cases is as follows: *Sharkey v. Stryker*, Case No. 2:09CV536, Docket No. 56; *Limantzakis v. Stryker*, Case No. 2:09CV624, Docket No. 45; *Rauen v. Stryker*, Case No. 2:09CV1002, Docket No. 54; *Nielsen v. Stryker*, Case No. 2:09CV1061, Docket No. 43.